UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONALD SATISH EMRIT,

        Plaintiff,

   v.                            22-CV-822-LJV
                                       ORDER

SPECIAL AGENT IN CHARGE OF FBI
FIELD OFFICE IN SOUTHERN
DISTRICT OF NEW YORK (SDNY),

        Defendant.
_____

On November 1, 2022, the *pro se* plaintiff, Ronald Satish Emrit, filed a complaint asserting claims related to alleged racial profiling by the defendant, "the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation . . . in [the] Southern District of New York." Docket Item 1 at 2. He alleges that the defendant has committed several common law torts and has violated the Civil Rights Act of 1964; the Americans with Disabilities Act; the Privileges and Immunities Clause; and the Fourth, Fifth, Eighth, and Fourteenth Amendments. *See generally* Docket Item 1.

On November 4, 2022, this Court ordered Emrit to show cause (1) why this Court has jurisdiction over the defendant and (2) why venue is appropriate in this District. Docket Item 3. Emrit then filed two essentially identical notices of appeal, the first on November 7, 2022, Docket Item 4, and the second on November 14, 2022, Docket Item 6. On December 16, Emrit filed a motion in limine, Docket Item 9, and on May 8, 2023, he filed a motion for joinder, Docket Item 12.[1]

---

[1] Emrit titled those motions "Second Motion in Limine," Docket Item 9 at 1 (some capitalization omitted), and "Motion for a Joinder of United States Attorney's Office in

In the meantime, on December 6, 2022, Emrit responded to this Court's order to show cause, Docket Item 8, and on May 3, 2023, the United States Court of Appeals for the Second Circuit dismissed Emrit's first appeal, Docket Item 13. Emrit's second appeal remains pending.

For the reasons that follow, Emrit's motion in limine and motion for joinder are denied.

### DISCUSSION

Normally, the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Nevertheless, this Court may deny Emrit's motions under Federal Rule of Civil Procedure 62.1, which allows a district court to deny a "timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."

I.   **THE MOTION IN LIMINE**

Under the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

---

Massachusetts as a Necessary and Indispensable Party Pursuant to Rule 19 of Federal Rules of Civil Procedure (FRCP)," Docket Item 12 at 1 (some capitalization omitted).

Emrit's motion in limine seeks "to have certain pictures entered into evidence with regards to [Emrit] having a fianc[ée] from Cuba approximately 20 years ago and also having a music video named 'Lady Brazil' which was the subject of litigation in North Carolina."  Docket Item 9 at 1.  He attached the photographs he seeks to admit to his motion.  *Id.* at 3-4.  But the Court does not see how those photographs are relevant to this case or Emrit's allegations that a member of the FBI racially profiled him.  Moreover, there is no hearing or other proceeding in which that evidence might be admitted.  Emrit's motion in limine therefore is denied without prejudice.

## II.     THE MOITION FOR JOINDER

Federal Rule of Civil Procedure 19 governs required joinder of parties.  Generally, a person must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Emrit has moved to join as required parties the "United States attorney's offices in Maine, Vermont, New Hampshire, Connecticut, and Massachusetts [sic]."  Docket Item 12 at 1.  But it seems that the motion was meant to be filed in another case: it refers to "this litigation in Rhode I[s]land" and asserts as a basis for joinder the Rhode Island U.S. Attorney's Office's communications with other U.S. Attorney's Offices.  *Id.* at

2. It also discusses "music litigation" and does not include any content relevant to Emrit's allegations of racial profiling by an FBI employee. *See generally* Docket Item 12. So the parties Emrit seeks to join are not necessary to "accord complete relief among existing parties" and do not have "an interest relating to the subject of [this] action." Fed. R. Civ. P. 19(a)(1).

Therefore, because the U.S. Attorney's Offices that Emrit seeks to join are not required parties to this litigation, Emrit's motion for joinder is denied without prejudice.

## **CONCLUSION**

For the reasons stated above, Emrit's motion in limine, Docket Item 9, and his motion for joinder, Docket Item 12, are DENIED without prejudice.


SO ORDERED.

Dated:   August 7, 2023
         Buffalo, New York


       */s/ Lawrence J. Vilardo*
       LAWRENCE J. VILARDO
       UNITED STATES DISTRICT JUDGE